IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| GREG ANDERSON,<br><br>    Plaintiff,<br><br>vs.<br><br>DANIEL W. KITCHEN, et al.,<br><br>    Defendants. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br><br>Case No. 2:09-CV-362-TC |

In this case Plaintiff Greg Anderson alleges that the Defendants have violated his Constitutional right to due process in an underlying state court case and requests relief under 42 U.S.C. § 1983. He also makes several claims for relief under state law. Because the Defendants cannot fairly be said to be state actors for purposes of § 1983 or the Fourteenth Amendment, the Defendants' motion to dismiss is **GRANTED**. The court declines to exercise supplemental jurisdiction over the remaining state law claims and those claims are **DISMISSED** without prejudice. 28 U.S.C. § 1367(c)(3).

## BACKGROUND

The claims in this case arise out of an underlying action in state court. In state court, Mr. Anderson is a defendant in an eviction action brought by Daniel Kitchen. The parties in the eviction action contest ownership of the house that Mr. Anderson had lived in. In a preliminary ruling, after a hearing, the state court issued an eviction order requiring that possession of the home be given to Mr. Kitchen. At this time, the eviction order is preliminary order and there is

no final judgment in the eviction action.[1]

The Defendants in this case are Daniel Kitchen, Lynn Kitchen, Mathew J. Kitchen, Mark R. Kitchen, and four limited liability companies managed by members of the Kitchen family (Sand Bay, L.L.C., Sun Lake, L.L.C., Roosevelt Hills, L.L.C., and Orchid Beach, L.L.C). In addition, the complaint names Terry Welch, James Ahlstrom and Clark McClellan, attorneys who represented Daniel Kitchen in the eviction action.

In this complaint, Mr. Anderson alleges that he was evicted from his home without due process of law because the state court judge, Judge Anderson, did not hold a trial. Mr. Anderson maintains that the Defendants willfully provided false and misleading information to the trial court in order to obtain a ruling in their favor. He contends that these false and misleading statements deprived Mr. Anderson of his right to a trial and caused the unlawful repossession of the home. (Compl. at 25.) He also alleges "[t]hrough information and belief there is some type of collusion and/or quid pro quo going on between Defendant Clark McClellan, his law firm and Judge Anderson in numerous action in the Eighth District Court." (Id. at 22.)

## STANDARD OF REVIEW

In considering a motion to dismiss "[a]ll well-pleaded facts, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to the nonmoving party." Teigen v. Renfrow, 511 F.3d 1072, 1078 (10th Cir. 2007). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A complaint will survive dismissal only if it alleges a

---

[1] In addition to the eviction action, Mr. Anderson has filed a lawsuit in state court alleging the same state law claims that are presented in this action.

plausible claim for relief—that is, the '[f]actual allegations must be enough to raise a right to relief above the speculative level.' Dias v. City and County of Denver, 567 F.3d 1169, 1178 (10th Cir. 2009) (quoting Twombly, 550 U.S. at 555). Under this standard,

> the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims.

Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008). Although detailed factual pleading is not required, "allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action . . . will not do." Id. (quotations omitted). As the Tenth Circuit explained,

> The Twombly Court was particularly critical of complaints that "mentioned no specific time, place, or person involved in the alleged conspiracies." 127 S. Ct. at 1971 n.10. Given such a complaint, "a defendant seeking to respond to plaintiffs' conclusory allegations . . . would have little idea where to begin." Id.

Robbins, 519 F.3d at 1247.

## ANALYSIS

The Defendants argue that the complaint should be dismissed because they are not state actors as required by § 1983. To state a claim under § 1983, a plaintiff must show that he has been deprived of a federal right and that the deprivation occurred "under color of state law."[2] Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155-56 (1978). To qualify as state action, "the conduct allegedly causing the deprivation of a federal right [must] be fairly attributable to the

---

[2]Mr. Anderson argues that his suit was brought under the Fourteenth Amendment, not 42 U.S.C. § 1983. Any such distinction is meaningless in the context of state action because "the statutory requirement of action 'under color of state law' and the 'state action' requirement of the Fourteenth Amendment are identical." Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 929 (1982).

State." Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 937 (1982). Fair attribution can occur when the deprivations is "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible." Id. In addition,

> the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.

Id. There is no question that the Defendants are not state officials. Accordingly, the question is whether they acted with state officials or their conduct is otherwise changeable to the state. In his complaint, Mr. Anderson presents two theories.[3] First, that the Defendants conspired with each other to give Judge Anderson false information and mislead him into making an erroneous decision. Second, that the Defendants conspired with Judge Anderson to deprive him of his right to due process.

**I. Misleading the State Court**

The question of whether there is § 1983 liability for private citizens who obtain an order from a state court that violates due process has been decided by the Tenth Circuit. In Yanaki v. Iomed, Inc., 415 F.3d 1204, 1208-09 (10th Cir. 2005), the court considered whether private parties and attorneys were liable under § 1983 for obtaining an ex parte order directing police to make a search of the plaintiffs' home. The Yanaki court applied the Supreme Court's decision in Lugar, to a case "where private parties only were involved in state court litigation and it is

---

[3]Mr. Anderson is proceeding pro se in this matter and the court will read his complaint liberally. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

alleged that the order granted by the court is not only erroneous but infringes one party's rights to procedural due process." Id. at 1208-09 (quotation omitted). The court concluded,

> We do not think that the "color of law" reference in § 1983 was intended to encompass a case such as this one, where the only infirmities are the excesses of the court order itself, subject to immediate modification by a court having jurisdiction over the parties, and subject to the normal processes of appeal.

Id. at 1208-09 (quoting Torres v. First State Bank of Sierra County, 588 F.2d 1322, 1325-27 (10th Cir.1978)). Like the situation in Yanaki, the state court in this case is alleged to have issued an order that violates due process. Also, like Yanaki, that order is subject to the reconsideration of the state court and can be appealed upon entry of final judgment. Consequently, there can be no § 1983 liability simply for obtaining the eviction order.

Mr. Anderson is also alleging that the Defendants misused the state's legal apparatus to obtain a ruling. But where a party has mislead the state to issue an incorrect ruling, there is no way that the challenged conduct can be fairly charged to the state. Applying Lugar, Tenth Circuit explained in Yanaki,

> [plaintiffs] do not challenge the constitutionality of the state laws under which the Search and Enforcement Orders were issued. Indeed, Plaintiffs assert that issuance of the Orders was unlawful under state law. Without a challenge to the constitutionality of the state laws underlying the Search Order and accompanying Enforcement Order, the conduct of which Plaintiffs complain cannot be attributed to a decision of the state because "[Defendants] were acting contrary to the relevant policy articulated by the State." Lugar, 457 U.S. at 940. "To hold otherwise would open the door wide to every aggrieved litigant in a state court proceeding[ ], and set the federal courts up as an arbiter of the correctness of every state decision." Bottone v. Lindsley, 170 F.2d 705, 707 (10th Cir. 1948). Because Plaintiffs allege nothing more than "private misuse" of state laws, their complaint fails to satisfy the first part of the color of law test as announced in Lugar. See Lugar, 457 U.S. at 941.

Yanaki, 415 F.3d at 1209 (footnotes omitted). Mr. Anderson does not challenge the

5

constitutionality of the state laws underlying the eviction order. Like the plaintiffs in <u>Yanaki</u>, he argues the eviction order was issued contrary to state law. Consequently, the alleged behavior of the Defendants in this case can only be characterized as a private misuse of state laws, cannot be charged to the state, and there is no state action under <u>Lugar</u>.

**II. Conspiracy with the Court**

Although Mr. Anderson did not raise this issue in his memorandum opposing summary judgment, reading his complaint liberally, he does make a charge that the Defendants conspired with Judge Anderson to deprive him of his right to due process. The Supreme Court has held that when there are allegations "that an official act of the defendant judge was the product of a corrupt conspiracy involving bribery of the judge," those private parties who conspired with the judge were acting under color of state law. <u>Dennis v. Sparks</u>, 449 U.S. 24, 27-29 (1980) (citations and footnote omitted).

But even reading the complaint liberally, the allegations contained in the complaint do not state a claim under the theory articulated in <u>Dennis v. Sparks</u>. The complaint only alleges "some type of collusion and/or quid pro quo going on" between the court and one of the Defendants. (Compl. at 22.) Absent more concrete allegations, "a defendant seeking to respond to plaintiffs' conclusory allegations . . . would have little idea where to begin." <u>Twombley</u>, 550 U.S. at 565 n.10. "[I]t is only by taking care to require allegations that reach the level suggesting conspiracy that we can hope to avoid the potentially enormous expense of discovery in cases with no 'reasonably founded hope that the [discovery] process will reveal relevant evidence.'" <u>Id.</u> at 560 (quoting <u>Dura Pharm., Inc. v. Broudo</u>, 544 U.S. 336, 347 (2005)). Here the allegations are insufficient to suggest conspiracy. Rather, Mr. Anderson has identified an outcome which he

6

believes unwarranted and unjust. Such an outcome alone cannot be enough to sustain a charge of conspiracy.

Mr. Anderson is frustrated and upset with the proceedings in state court. But this does not create an opportunity for review of the state court's decision in federal court. Rather, his remedy lies in the Utah courts and the appeals process available there.

## ORDER

For the foregoing reasons, the motion to dismiss the § 1983 claims is **GRANTED**. (Docket No. 10.) The court declines to exercise supplemental jurisdiction over the remaining state law claims and they are **DISMISSED** without prejudice. 28 U.S.C. § 1367(c)(3).

DATED this 18th day of November, 2009.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
Chief Judge